UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARDS LIFESCIENCES LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>SYNCO RESEARCH SOLUTIONS, LLC a Nevada limited liability company; FREDDIE CARTER, an individual; FAIZ SAYED, an individual; ANDREW MCCOY, an individual; REGINALD WALTON, an individual; and JACOB RIVERA, an individual; CARTER'S RESEARCH ASSOCIATES, LLC, a Georgia limited liability company; SYNCO RESEARCH SOLUTIONS FL, LLC, a Florida limited liability company; SYNCO RESEARCH SOLUTIONS MS LLC, a Mississippi limited liability company; SYNCO RESEARCH SOLUTIONS NV LLC, a Nevada limited liability company; SYNCO RESEARCH SOLUTIONS TEXAS LLC, a Texas limited liability company; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.:  8:20-cv-02270-JLS-DFM<br><br>**CONSENT JUDGMENT AND PERMANENT INJUNCTION** |

Pursuant to the Stipulation for Entry of Consent Judgment and Permanent Injunction (Doc. 91) between Plaintiff Edwards Lifesciences LLC ("Edwards"), on the one hand, and Defendants Synco Research Solutions, LLC ("Synco"), Freddie Carter ("Carter"), Faiz Sayed ("Sayed"), Andrew McCoy ("McCoy"), Reginald Walton ("Walton"), Jacob Rivera ("Rivera"), Carter's Research Associates, LLC (Carter's LLC), Synco Research Solutions FL, LLC ("Synco FL"), Synco Research Solutions MS LLC ("Synco MS"), Synco Research Solutions NV LLC ("Synco NV"), and Synco Research Solutions Texas LLC ("Synco Texas") (collectively, "Defendants"), on the other hand (Defendants and Edwards shall collectively be known as the "Parties"), the Court hereby ORDERS that judgment and a permanent injunction shall be and hereby is entered as follows:

## FINDINGS

1. This Court has jurisdiction over the subject matter of this case and over the Parties.

2. Venue is proper as to the Parties in the Central District of California pursuant to 28 U.S.C. § 1391(b).

3. The Second Amended Complaint (Dkt. 52) states prima facie claims upon which relief may be granted against the Defendants under 18 U.S.C. § 1836 *et seq* and California common law.

4. Edwards is a leading, publicly traded medical technology company that specializes in, among other things, designing and developing medical devices such as artificial heart valves and monitoring technologies for patients with heart disease, and also focuses heavily on clinical research, including designing, executing, and monitoring clinical trials. Because the medical device technology industry is highly competitive, and to ensure its competitive advantage within the industry, Edwards carefully safeguards its confidential information and trade secrets that it has spent over six decades compiling, and requires all employees to enter into confidentiality

and nondisclosure agreements.

5.     Defendants Carter, Sayed, McCoy, Walton, and Rivera (collectively, the "Individual Defendants") are all former employees of Edwards, and the remaining Defendants are limited liability companies which Edwards contends the Individual Defendants created in order to compete with Edwards, violate their employment agreements, and steal Edwards trade secrets and confidential information (collectively, "Edwards Confidential Information").  Defendants dispute these contentions.

6.     Specifically, in February 2019, while all still employed at Edwards, the Individual Defendants formed and launched Defendant Synco, which markets itself as "an owner-operated clinical research operations firm focused on delivering cost effective quality monitoring & project management services" and includes clinical trial project management as one of its service offerings.  The Individual Defendants subsequently launched the remaining LLC Defendants.  At the same time, the Individual Defendants emailed Edwards Confidential Information to their personal email accounts, to each other, to Synco, and to third parties.

7.     Edwards believes that the foregoing acts by Defendants (explained in more detail in the Second Amended Complaint Dkt. 52) constitute violations of the Defend Trade Secrets Act, common law unfair competition, conspiracy, breach of contract, breach of duty of loyalty, and intentional interference with contract, and has sustained substantial, immediate, and irreparable injury, and is entitled to monetary relief and an injunction pursuant to 15 U.S.C. §§ 1116-1117 as a direct and proximate result of the Defendants' conduct alleged herein.  Defendants dispute these contentions.

8.     Entry of this Consent Judgment and Permanent Injunction is thus in the public interest.

9.     Defendants, without admitting the allegations set forth in the Second Amended Complaint or any wrongdoing on their part, and Edwards hereby stipulate

to entry of this Consent Judgment and Permanent Injunction.

10. Defendants have waived all rights to seek judicial review or otherwise challenge or contest the validity of this Order, and further waive and release any claim they may have against Edwards and its employees and agents.

## ORDER

IT IS THEREFORE ORDERED that:

1. Defendants and each of them and, as appropriate, their respective members, officers, employees, agents, representatives, limited liability companies in which they own an interest and anyone acting in concert with any of them, are immediately and permanently enjoined and must refrain from:

    a. using, disclosing, transferring, communicating or permitting anyone else to use or disclose or transfer any Edwards confidential information and trade secrets which include, but are not limited to, Edwards' clinical investigator list, clinical trial protocols, clinical trial site lists, contact lists, clinical trial instructions, standard operating procedures ("SOPs"), clinical trial training materials, including training logs, monitoring plans, compliance reports, and/or any other internal business and operational methods, techniques, strategies, processes, procedures or other similar information, including without limitation the materials specifically identified in the attached Exhibit A (collectively, the "Edwards Confidential Information") and/or any materials derived from or which contain Edwards Confidential Information;

    b. possessing any Edwards Confidential Information; and

    c. aiding, assisting, or abetting any other individual or entity in doing any act prohibited by paragraphs (1)(a) and (1)(b).

2. This Court shall retain jurisdiction to hear and determine all matters arising out of, relating to, and/or otherwise concerning the interpretation and/or enforcement of this Consent Judgment and Permanent Injunction. The Parties'

settlement agreement further anticipates that the Court will retain jurisdiction to enforce terms of the settlement agreement, including the ability to enter an Amended Consent Judgment in the future if necessary.

3. If Defendants are found to be in contempt of, or otherwise to have violated this Consent Judgment and Permanent Injunction, the Parties agree that Edwards shall be entitled to all available relief which it may otherwise request from the Court, including sanctions for contempt, damages, injunctive relief, attorneys' fees, costs, and any other relief deemed proper in the event of such violation.

4. The Parties shall each bear their own costs and attorneys' fees incurred in this action excluding any fees and costs that may be incurred in the future in order to enforce the terms of this Consent Judgment and Permanent Injunction.

**IT IS SO ORDERED.**

DATED: September 9, 2022

_____
HON. JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE